**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

MINERVA CANTU,

      **Plaintiff,**

vs.                                           Civ. No. 01 CV 848 MV/RLP

JO ANNE BARNHART,
**Commissioner of the Social
Security Administration,**

      **Defendant.**

**UNITED STATES MAGISTRATE JUDGE'S
ANALYSIS AND RECOMMENDED DISPOSITION[1]**

**I. Background**

1.      Minerva Cantu ("Plaintiff" herein) filed an application for Supplemental Security Income Benefits (SSI) on October 13, 1998, alleging disability due to the effects of morbid obesity[2]. (Tr. 71, 21, 65). She is 5'9" tall and weighs in excess of 450 lbs. (Tr. 71, 118, 143). Pursuant to 20 C.F.R. Pt. 404, Subpt. P, App. 1, §9.09 (1998) ("Listing §9.09" herein"), in effect when Plaintiff filed her claim for benefits, Plaintiff would have been considered disabled as a matter of law based on obesity, provided additional medical findings were also present.[3] Plaintiff's application was denied at the first

---

[1]Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. §636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten (10) day period if that party seeks appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

[2]Plaintiff contends that breathing, back, knee, foot and joint problems prevented her from working, and states that she also suffers from headaches and blurred vision. (Tr. 65).

[3]One of the following is required to establish disabled under Listing §9.09:

    (A)      History of pain and limitation of motion in any weight-bearing joint or the lumbosacral spine (on physical examination) associated with findings on medically acceptable imaging

and second levels of administrative review. (Tr. 21, 55-56, 58, 22, 53).

3.   On August 24, 1999, the Commissioner of Social Security published a final rule in the Federal Register deleting Listing §9.09 from the "Listing of Impairments." See Revised Medical Criterial for Determination of Disability, Endocrine and Related Criteria, 64 Fed. Reg. 46122 (1999). These changes were effective October 25, 1999, following the administrative denials in this case, but prior to Plaintiff's hearing for an Administrative Law Judge. These changes were to have "only a prospective effect" and did not affect claimants who had previously been found disabled under the old criteria. *id.* at 46127. Pursuant to these new criteria, obesity is no longer an independent listing, but is considered in combination with certain other impairments in the evaluation of a disability claim.

4.   Plaintiff presented her claim to an Administrative Law Judge on September 18, 2000. (Tr. 130 *et seq*.). In a decision dated January 12, 2001, the ALJ analyzed Plaintiff's claim under the revised criteria for obesity, and ultimately determined that she was not disabled. (Tr. 10-18).[4]

## II.   Issues Presented

5.   Plaintiff contends that the ALJ applied incorrect legal standards by evaluating her claim under the revised obesity criteria in effect on the date of her administrative hearing, rather than the criteria

---

|     | techniques of arthritis in the affected joint or lumbosacral spine; or |
| --- | --- |
| (B) | Hypertension with diastolic blood pressure persistently in excess of 100 mm. Hg measured with appropriate size cuff; or |
| (C) | History of congestive heart failure manifested by past evidence of vascular congestion such as hepatomegaly, peripheral or pulmonary edema; or |
| (D) | Respiratory disease with total forced vital capcity equal to or less than the value specified in Table II-A or III-B or III-C. |

20 C.F.R. pt. 404, subpt. P, app. 1, §9.09 (1998).

[4] The ALJ found that Plaintiff's sole severe impairment was obesity, that she retained the residual functional capacity for a significant range of sedentary work, that she could not perform her past relevant work but that she could perform the jobs of order clerk, dietary clerk and taxi cab dispatcher, which existed in significant numbers in the national economy. (Tr. 17).

in effect when she filed her claim. She argues that the revised criteria constitute a *ex post facto* law in violation of Article I §10 of the Constitution of the United States, and that the revised criteria may not be retroactively applied to her claim.

### III. Standard of Review

6. This Court reviews the Commissioner's decision to determine whether the records contain substantial evidence to support the findings, and to determine whether the correct legal standards were applied. Castellano v. Secretary of Health & Human Services, 26 F.3d 1027, 1028 (10th Cir.1994).

### IV. Analysis

#### A. The Revised Criteria for Evaluating Obesity Do Not Constitute an *Ex Post Facto* Law

7. The deletion of Listing § 9.09 can not be termed an *ex post facto* law. As stated in Anderson v. Social Security Administration, 567 F.Supp. 410, 412-413 (D. Colo. 1983):

> A ban on *ex post facto* laws, however, applies only to laws respecting criminal punishment. Johannessen v. United States, 225 U.S. 227, 242, 32 S.Ct. 613, 617, 56 L.Ed. 1066 (1912). What is forbidden is penal legislation which imposes criminal punishment for conduct which was lawful previous to its enactment. Harisiades v. Shaughnessy, 342 U.S. 580, 594, 72 S.Ct. 512, 521, 96 L.Ed. 586 (1952). Moreover, to argue successfully for either of these constitutional protections, the plaintiff must be able to characterize validly the suspension of benefits as a punishment. U.S. v. Brown, 381 U.S. 437, 449, 85 S.Ct. 1707, 1715, 14 L.Ed.2d 484 (1965); citing U.S. v. Lovett, 328 U.S. 303, 315, 66 S.Ct. 1073, 1078, 90 L.Ed. 1252 (1946).

Cf. Flemming v. Nestor, 363 U.S. 603, 80 S.Ct. 1367, 4 L.Ed.2d 1435 (1960) (deported alien's retirement benefits were noncontractual government benefits, the denial of which does not constitute punishment within the meaning of the bill of attainder clause.)

#### B. The ALJ Erred by Retroactively Applying the Revised Criteria for Evaluating

**Obesity to Plaintiff's Claim.**

8. A number of courts have addressed the issue of whether the deletion of Listing §9.09 should applied retroactively to claims filed prior to the deletion. These cases have reached conflicting results.[5] In <u>Nash v. Apfel</u>, 2000 WL 710491 (10th Cir. June 1, 2000) (unpublished opinion) the plaintiff's claim was on appeal to the Tenth Circuit when Listing §9.09 was deleted. In addressing the issue of the retroactive effect of the changed criteria, the Court stated:

> 'Retroactively is not favored in the law.' <u>Bowen v. Georgetown Univ. Hosp.</u>, 488 U.S. 204, 208 (1988). <u>A rule changing the law is retroactively applied only if Congress expressly authorized retroactive rule making and the agency clearly intended the rule to have retroactive effect</u>. *Id.* The Commissioner has not satisfied this standard. In particular, he has not shown an intention to apply the 1999 deletion retroactively to a claimant who was erroneously denied benefits under the earlier listing, even though a claimant who was granted benefits may continue to receive them. Without a more specific statement of intent, we will not conclude that the agency intended this perverse result.

<u>Nash v. Apfel</u>, 2000 WL 710491, at *2. (emphasis added).[6]

9. <u>Nash</u> was decided on June 1, 2000. The Court was apparently unaware of, or at least did not address <u>Social Security Ruling 00-3p</u> published on May 15, 2000. <u>SSR 00-3p</u> provides additional guidance for evaluating claims involving obesity, and clearly indicates the Administration's intention to apply the new criteria to claims filed prior to October 25, 1999, but which were "awaiting an initial determination or that were pending appeal at any level of the administrative review process or that had been appealed to any court." <u>SSR 00-3p</u>, 2000 WL 628049 *7.

---

[5]For a listing and discussion of these cases see *Kokal v. Massanari* 163 F.Supp.2d 1122, 1129-1130, fns. 5,6 & 7 (N.D. Cal. 2001), and *Portlock v. Barnhart*, ___ F.Supp.2d ___, 2002 WL 1393565 at *6-9 (D. Del. June 24, 2002).

[6]Although <u>Nash</u> is not binding precedent, the court finds the analysis persuasive and applicable here.

4

10. There remains the question, however, of whether Congress has expressly authorized the Social Security Administration to engage in retroactive rule making, an issue raised but not addressed in Nash.

11. In Bowen v. Georgetown Univ. Hosp., 488 U.S. 204, 215, 109 S.Ct. 468, 102 L.Ed.2d 493 (1988), the Supreme Court found that the Secretary of Health and Human Services did not have any statutory grant of authority to engage in retroactive rule making, thereby invalidating a retroactive cost-limit rule that, if applied, would have allowed the Secretary to recoup overpaid sums from participating institutions of Medicare. In so finding, the Supreme Court stated:

> Retroactivity is not favored in the law. Thus, Congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result. By the same principle, a statutory grant of legislative rule making authority will not, as a general matter, be understood to encompass the power to promulgate retroactive rules unless that power is conveyed by Congress in express terms. Even where some substantial justification for retroactive rule making is present, courts should be reluctant to find such authority absent an express statutory grant.

Id. at 208.

12. In Kokal v. Massanari, 163 F. Supp. 2d 1122, 1134 (N.D. Cal. 2001) the court relied on Bowen in holding that the Social Security Administration had no statutory grant of authority to apply the new criteria for obesity to a case pending judicial or administrative appeal, remanding the claim for further proceedings pursuant to Listing §9.09, stating:

> While the delegation of rule making authority to implement the Social Security Act is broad, the lack of an express grant of authority to engage in retroactive rule-making precludes the agency from doing so, at least absent a substantial justification not presented here.

Kokal, 163 F. Supp. 2d at 1134.

13. Accordingly, I determine that the Social Security Administration had no authority to engage

in retroactive rule making, and that the ALJ failed to apply correct legal principles when he applied the new obesity criteria to Plaintiff's claims.   Remand is necessary to determine whether Plaintiff meets the requirements of Listing §9.09  .

**V.        Recommended Disposition**.

14.        For the reasons stated above, I recommend that Plaintiff's Motion to Reverse  or Remand be granted in part, and that this matter be remanded to the Commissioner for additional proceedings at step three of the sequential evaluation process, applying the criteria for evaluating obesity in effect at the time on October 13, 1998, when Plaintiff filed her claim for benefits.

_____
**Richard L. Puglisi**
**United States Magistrate Judge**